# MARIE McLEAR v. VILLAGE OF WAYZATA.[1]

January 11, 1929.

No. 26,978.

*Cobb, Hoke, Benson, Krause & Faegre,* for appellant.
*Richardson D. Barrett,* for respondent.

TAYLOR, C.

This is an action for personal injuries resulting from a fall on a defective sidewalk. Plaintiff had a verdict, and defendant appeals from an order denying a new trial.

While defendant assigns as error that the verdict is not sustained by the evidence, that assignment is not seriously urged as the evidence to support the verdict is ample. Defendant practically rests its appeal on the claim that it is entitled to a new trial on the ground of newly discovered evidence.

The injuries were to plaintiff's knees. X-ray photographs were taken by plaintiff's physicians and also by defendant's physician.

[1]Reported in 223 N. W. 97.

At the trial plaintiff's experts testified to the effect that she was suffering from arthritis in the left knee, and that in their opinion it resulted from the injury sustained in the fall. Defendant called no experts. In explanation, defendant's counsel who tried the case states in one of the moving affidavits that experts on both sides had examined X-ray photographs and diagnosed plaintiff's trouble as bursitis, and that he was not aware of any different claim until the expert who made the original diagnosis for plaintiff testified at the trial. This expert testified that he originally diagnosed the trouble as bursitis, but that as time passed the disability increased instead of lessening and crepitation became more pronounced, which convinced him that plaintiff was suffering from arthritis. Defendant's counsel says that when the testimony as to arthritis was given he had no experts available, and that such examination of medical authorities as he was able to make at the time led him to believe that injuries which produced bursitis might also produce arthritis, and that he proceeded with the trial on that theory.

The evidence claimed to be newly discovered is set forth in affidavits of physicians and is to the effect that arthritis is seldom if ever caused by trauma and that, although plaintiff is suffering from arthritis, it resulted, in their opinion, from some local infection and not from the injury. In opposition, plaintiff presented affidavits from physicians to the effect that arthritis may and often does result from trauma and that, in their opinion, plaintiff is suffering from arthritis and that it resulted from the injury she sustained. The facts shown by the record fully justified the trial court in denying a new trial. 5 Dunnell, Minn. Dig. (2 ed.) §§ 7123, 7125, and cases cited. This is true conceding that defendant made a sufficient showing to permit it to present the testimony of these doctors as evidence newly discovered within the rule governing the granting of new trials on that ground, which is doubtful.

Defendant devotes a considerable part of its brief and argument to the claim that it was entitled to present the testimony of Dr. Allison on its motion for a new trial, or at least to have a ruling upon the admissibility of his testimony. It appears that X-ray

photographs, some of which were used by plaintiff at the trial, were taken in the office of Dr. Allison by his operator. The doctor had not seen or examined plaintiff and was not present when the photographs were taken. While preparing the motion for a new trial, defendant learned that the doctor had in fact examined the photographs before they were delivered and had formed an opinion as to what they disclosed. Defendant sought to obtain his affidavit. He declined to make an affidavit on the ground that it might be improper for him to do so, but expressed a willingness to make one, or to testify, if the court should rule that his information was not privileged.

When defendant submitted its motion for a new trial, it also submitted therewith an application for permission to call Dr. Allison to testify concerning plaintiff's condition; or, if that should be denied, for an order determining that plaintiff had waived her right to claim that the information obtained by the doctor was privileged, and for a continuance to obtain his affidavit. Denying this application was well within the discretion of the court. The doctor had made no personal examination of plaintiff. His information was derived solely from an examination of the photographs. What conclusions he reached therefrom of course do not appear; but assuming that they were in accord with defendant's contention and were not privileged, his testimony at most would be merely cumulative and would furnish no sufficient ground for a new trial. 5 Dunnell, Minn. Dig. (2 ed.) §§ 7128, 7129, 7130.

Order affirmed.